WHITE et al. v. Steamer KATE DALE, CAPTAIN and OWNERS.

Where by a contract, a common carrier undertook to deliver certain merchandize at a particular point, for a certain price, and it appeared that the goods were only carried a part of the distance and that the shipper was obliged to pay, in addition to the full freight paid the carrier, a freight to other carriers for transporting the goods the remainder of the distance carried by the original contract—*Held* : that the extra charge, thus incurred, was apparently a damage incurred by the failure of the first carrier to comply with his contract, and, as such, fell within the article 3204 Civil Code—giving the shipper a privilege on the vessel in which the goods were shipped and a right to the writ of sequestration.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J.
*H. M. Spofford*, for plaintiff. *Bonford, Singleton & Clack*, for defendants and appellants.

BUCHANAN, J. Plaintiffs shipped goods from New Orleans to be carried to Shreveport, for a certain rate of freight. There were three bills of lading, two of which contained the clause "with privilege of re-shipping," and the third the clause "water permitting."

At Alexandria, the Kate Dale not being able to get up any higher, owing to the stage of water, the freight was stored in a warehouse with *Culbertson*, the keeper of the same, the special agent of the steamboat for forwarding the freight. After some time elapsed, without any efforts on the part of defendants or their agent, *Culbertson*, to forward the goods, the plaintiffs made engagements with other boats of lighter draft than the Kate Dale, and plying above the Falls, to bring the goods on to Shreveport. Their agent made demand for the same of *Culbertson*, who refused to deliver them, unless the full freight to Shreveport and charges for warehousing were paid to him, which plaintiffs' agent did under protest ; and plaintiffs sue defendants for the additional expenses beyond the stipulated freight, to which they were put for getting their goods to Shreveport. Plaintiffs had judgment ; and defendants appeal.

The first question presented for our consideration by the argument of the counsel for appellants, is, the legality of the sequestration sued out by the plaintiffs.

It is contended, that the demand of plaintiffs does not come within the scope of paragraph 11 of article 3204 of the Civil Code, which reads as follows :

" *The amount of damage due to freighters for the failure in delivering goods which they have shipped, or for the reimbursement of damage sustained by the goods through the fault of the captain and crew.*"

The contract between plaintiffs and defendants was, for the delivery of certain merchandise at Shreveport, for a certain price. 12 An. 783 ; 11 An. 43 ; 14 An. 514. If, as alleged, those goods were carried only a part of the distance to Shreveport ; and if the plaintiffs were obliged to pay (in addition to the full freight paid to defendants) a freight to other carriers for transporting the goods from the place to which defendants had taken them, to Shreveport ; this extra charge, thus incurred, was apparently, a damage, incurred by the failure of defendants to comply with their contract, and as such, fell within the article of the Code above quoted.

On the merits, it is argued for defendants, that the plaintiffs put an end to the original contracts of affreightment, by voluntarily receiving their goods at Alexandria. And in support of this argument, the following statement of a witness examined for plaintiffs, is relied upon :

"*White, Smith & Baldwin* gave affiant an order for goods, based upon a letter purporting to have been written by the clerk of the steamer Kate Dale, offering to deliver the freight at the Falls at Alexandria, at four bits for dry, and six bits for wet barrels. Upon the arrival of affiant at the Falls, the warehouse keeper refused to deliver the freight, unless the full amount of freight from New Orleans to Shreveport was paid. Affiant paid the warehouse keeper the charges demanded, under protest."

This testimony does not support the position of appellants' counsel. It shows a proposition made by defendants and accepted by plaintiffs, to receive delivery of the goods at Alexandria to the discharge of the defendants, on payment of about one-half of the freight stipulated in the bills of lading, for carrying the goods to Shreveport. But this agreement to put an end to the original contract, was defeated by the agent of defendants at Alexandria, who, acting upon instructions from defendants, as is proved by the testimony of said agent, examined for defendants, refused to deliver the goods at Alexandria unless full freight to Shreveport was paid.

Appellees have filed an answer to the appeal, praying damages as for a frivolous appeal; but we do not think this a case for the infliction of such damages.

Judgment affirmed, with costs.